343 P.2d 1106

**SALT LAKE CITY, a Municipal Corporation, Plaintiff and Respondent,**

v.

**Stanley M. PERKINS, Defendant and Appellant.**

No. 9077.

Supreme Court of Utah.

Sept. 18, 1959.

Moyle & Moyle, Verl C. Ritchie, Salt Lake City, for appellant.

Jack L. Crellin, Asst. City Atty., James L. Barker, Jr., City Atty., Salt Lake City, for respondent.

PER CURIAM.

Appellant pleaded guilty in the Salt Lake City court to a charge of operating a motor vehicle while under the influence of intoxicating liquor, contrary to the Salt Lake

City ordinance. He subsequently appealed to the Third Judicial District Court, was given a trial de novo, and convicted.

The appellant appeals and, in order to confer this court with jurisdiction,[1] makes the claim that Sec. 41-6-44.10, U.C.A.1953 is unconstitutional. This statute provides for submission of persons arrested for drunken driving to certain chemical tests and if a person refuses to so submit to one of the tests, the state may revoke his license. In the instant case, the appellant submitted to a blood test and the results were introduced into evidence.

The appellant was not convicted under or by reason of the statute. We will not consider the validity or unconstitutionality of a statute unless it is necessary to the determination of the case.[2]

Furthermore, it is essential to the jurisdiction of this court over judgments of the district courts, in cases which originate in and are appealed from justices of the peace, that it shall appear that a question of the validity or constitutionality of a statute was presented to the district court.[3] No such question was thus presented.

Appeal dismissed. Costs to the respondent.

1. Art. VIII, Sec. 9, Utah State Constitution provides that the decisions of the district courts on appeals to it from justices of the peace shall be final, except in cases involving the validity or constitutionality of a statute.

2. 3 Am.Jur. Appeal and Error, Sec. 838, p. 382.
3. City of Eureka v. Wilson, 15 Utah 53, 48 P. 41.