374 P.2d 839

**Harry G. HEATHMAN, Plaintiff and Appellant,**

**v.**

**Grover A. GILES et al., Defendants and Respondents.**

**No. 9612.**

Supreme Court of Utah.

Sept. 25, 1962.

Harry G. Heathman, Salt Lake City, for appellant.

Rawlings, Wallace, Roberts & Black, Calvin L. Rampton, Fabian & Clendenin, Shirley P. Jones, Jr., Earl M. Wunderli, Leonard W. Elton, Adam M. Duncan and Jed W. Shields, Salt Lake City, for respondents.

CROCKETT, Justice.

This appeal is concerned with the plaintiff's charge of false arrest, malicious prosecution and other tortious acts against the County Attorney of Salt Lake County and his deputies. After some proceedings in the action not necessary to detail here, the court ordered that the plaintiff "file acceptable bonds in the sum of $500 each bond for each of [names the defendants]" pursuant to Sec. 78–11–10, U.C.A.1953. Upon plaintiff's failure to do so within a reasonable time, and upon proper motion, the court entered an order of dismissal, which is here challenged.

The question which we find determinative is whether the defendant prosecuting attorneys are within the class of officers referred to in said Sec. 78–11–10, U.C.A.1953, which provides:

"Before any action may be filed against any sheriff, constable, peace officer, state road officer, or any other person charged with the duty of enforcement of the criminal laws of this state * * * when such action arises out of, or in the course of the performance of his duty, * * * the proposed plaintiff, * * * shall prepare and file * * * a written undertaking with at least two sufficient sureties in an amount to be fixed by the court, * * * for the payment to the defendant of all costs and expenses that may be awarded against such plaintiff, including a reasonable attorney's fee * * *."

When there is doubt or uncertainty as to the interpretation of a statute there are two well-known rules of statutory construction which are helpful. The rule of noscitur a sociis, literally "it is known from its associates," requires that the meaning of doubtful words or phrases be determined in the light of and take their character from associated words or phrases. Sutherland in his treatise on Statutory Construction states: " * * * where two or more words are grouped together and ordinarily have a similar meaning, but are not equally com-

prehensive, the general words will be limited and qualified by the special words."[1]

▮ Another closely related rule which is universally accepted as valid is that of ejusdem generis, meaning "of the same kind," which rule is that: when general words or terms follow specific ones, the general must be understood as applying to things of the same kind as the specific.[2]

These are, of course, neither artificial nor arbitrary rules but arise quite naturally from the process of reasoning as to what the statute was intended to mean. Common sense and experience teach that when a group of related things are specifically enumerated, the mind is focused upon that class of things, and that the addition of general terms is purposed to avoid inadvertent omission and to include like things of the same class. In accord with this is the fact that if the broadest meaning of the general expression were intended, it would have been sufficient by itself without any use of the specific terms.[3]

▮ Applying the principles above stated to the statute under consideration, it is but reasonable to assume that the general language "or any other person charged with the duty of enforcement of the criminal laws of this state," immediately following the specifically named officers, "sheriff, constable, peace officer, state road officer" means officers of the same class as those expressly mentioned. It will be noted that these are all badge-wearing officers generally known as peace officers or police officers: who are in the front line of law enforcement, in immediate contact with the public; who are charged with the duty of seeking out persons suspected of crime; and of making arrests and taking them into custody. In the nature of their duties they often must accost persons who are unknown to them; and sometimes those who may be dangerous characters. They are therefore required to take various risks, including that of being mistaken. It seems so plain that it is unnecessary to dwell on the matter that the defendants as prosecuting attorneys, although "charged with the duty of enforcement of criminal laws," are officers of such a significantly different character that they are not within the class for whom the protections of this statute was intended. Accordingly, the order requiring the plaintiff to post bonds for their benefit had no proper foundation and the order of dismissal for failure to post such bonds must be set aside.

---

1. 2 Sutherland Statutory Construction (3rd Ed.) 393; 66 C.J.S. Noscitur a Sociis p. 608.

2. 28 C.J.S. Ejusdem, p. 1049; 2 Sutherland Statutory Construction (3rd Ed.) 395.
3. Sutherland Statutory Construction, (3rd Ed.) p. 400 and authorities therein cited.

It is also contended that the statute is unconstitutional in that it is unjustly discriminatory in conferring an advantage on peace officers not afforded other citizens, nor even on other public servants having duties which might expose them to risks in the line of duty; and that in many instances its practical effect is to prevent aggrieved persons from seeking redress in the courts [4] so that it deprives them of equal protection of the law.[5]

■■ In regard to the issue of constitutionality: it is generally held, and we think properly so, that after having determined that a statute does not apply to the case in hand, the court will not go beyond and consider its constitutionality.[6] This is so because it is the customary policy of the court not to become involved unnecessarily in the legislative prerogative.[7] Consequently, it will not pass upon the constitutionality of a statute unless it is essential to the solution of the controversy before it, or there is some compelling reason why the public interest requires its determination.

The order of dismissal is vacated. Costs to appellant.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

---

4. Cf. Sec. 11, Art. I, Utah Constitution: "All courts shall be open, and every person, * * * shall have remedy by due course of law * * *"; and Sec. 21-7-3, U.C.A.1953.

5. See Sec. 2, Art. I, Utah Constitution; Sec. 1, Amdt. XIV, U. S. Constitution.

6. 3 Am.Jur. 383 and cases therein cited.

7. See Salt Lake City v. Perkins, 9 Utah 2d 317, 343 P.2d 1106.