417 P.2d 758

**Jack H. BOWMAN and Emmett Rigney, dba Hustler's Market, Plaintiffs and Respondents,**

v.

**SALT LAKE CITY CORPORATION, a municipal corporation, Defendant and Appellant.**

No. 10535.

Supreme Court of Utah.

Aug. 22, 1966.

Homer Holmgren, City Atty., Romney & Nelson, Salt Lake City, for appellant.

No appearance for respondents.

Phil L. Hansen, Atty. Gen., Salt Lake City, filed brief amicus curiae.

HENRIOD, Chief Justice.

Appeal from a judgment declaring Sec. 20, Chap. 5, Salt Lake City Ordinance, March 5, 1964, relating to license fees incident to "closing out sales," in a possibly-deceptive manner, as unconstitutional.

Plaintiffs brought this suit under the declaratory judgment act,[1] obtaining a temporary injunction from enforcement of the ordinance, on grounds that it was offensive to Art. I, Sec. 1, Utah Constitution.[2]

After filing the complaint and obtaining the injunction, it appears that plaintiffs closed out their business. Plaintiffs then refused to participate in the appeal. This court then asked the Attorney General to act as amicus curiae, which he did, by filing a brief, suggesting that 1) the matter was moot, citing Adkins v. Childrens Hospital, 261 U.S. 525, 43 S.Ct. 394, 67 L.Ed. 785 and Rottschaefer, Constitutional Law, p. 22, and that 2) assuming it is not moot, the ordinance is constitutional, citing Salt Lake City v. Revene, 101 Utah 504, 124 P.2d 537 (1942).

1. Title 78–33–1, et seq. Utah Code Annotated 1953.

2. "All men have the inherent and inalienable right * * * to acquire, possess and protect property * * * "

We think there is some merit to 1) above in a proper case but decide that 2) is correct, so far as the very narrow issue raised here is concerned.

The license to conduct a "going-out-of-business" sale is $25.00 under the ordinance, (which fee does not seem unreasonable) together with provisions to report inventories to be sold, time in which the sale is to be made, etc. Although there seems to be some questionable and possibly onerous provisions in the ordinance, we think plaintiffs' objection under Art. I, Sec. 1 of the Constitution does not meet them on this appeal. In view of this fact, we will have to meet any other issue involving this ordinance when and if it appears before us in a proper, adversary proceeding, but we feel constrained not to give an opinion on matters not before us.

Therefore, we reverse the judgment on the basis that the record does not justify any other conclusion.

McDONOUGH and CALLISTER, JJ., and LEWIS JONES, District Judge, concur.

CROCKETT, Justice (concurring):

I concur on the ground that on the state of the record before us there is no basis to warrant declaring the ordinance in question unconstitutional. That it is the policy of courts not to become involved unnecessarily in the legislative prerogative, see Heathman v. Giles, 13 Utah 2d 368, 374 P.2d 839; and Salt Lake City v. Perkins, 9 Utah 2d 317, 343 P.2d 1106. But also cf. Ritholz v. City of Salt Lake, 3 Utah 2d 385, 284 P.2d 702.