421 P.2d 504

**GREAT SALT LAKE AUTHORITY,**
Plaintiff and Respondent,

v.

**ISLAND RANCHING COMPANY,**
Defendant and Appellant.

No. 10395.

Supreme Court of Utah.

Dec. 16, 1966.

Parsons, Behle, Evans & Latimer, Robert S. Campbell, Jr., Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Richard L. Dewsnup, Asst. Atty. Gen., Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff, respondent Great Salt Lake Authority, seeks to take by proceedings in eminent domain the property of the defendant, appellant, on the north end of Antelope Island. Defendant moved to dismiss the complaint which motion was denied. The defendant's petition for an interlocutory appeal was granted. An opinion was filed June 2, 1966, which appears in 18 Utah 2d 45, 414 P.2d 963. A rehearing was granted and the case resubmitted. Hereafter we shall refer to the parties as plaintiff and defendant.

The Great Salt Lake Authority was created and derives whatever power it has from Chapter 161, S.L.U.1963 (now Chapter 8 of Title 65, U.C.A.1953). The defendant contends that the act is invalid because 1): It fails to prescribe definite limits to plaintiff's territorial boundaries; and 2): That it contains an unlawful delegation of legislative power; and 3): That in any event it does not grant plaintiff authority to take defendant's property by eminent domain.

The defendant in its first contention claims that the act does not delineate the limits of the territory over which the plaintiff shall have authority to act. Sections 1 and 6 refer to "development of the Great Salt Lake and its environs." The title to the act makes reference to the "Meander Line Established by the United States Surveyor General," but the title is not a part of the act. We are inclined to the view that the legislature by the use of the words "and its environs" created an uncertainty in failing to spell out the area over which the plaintiff was to exercise its functions and by reason thereof the act is invalid.[1]

The defendant's second objection to the statute is that it contains no definite standards or limitations on the authority granted and is an unlawful delegation of legislative authority. The act makes several references to the accomplishment of objectives and purposes set out in this act; but the act does not define what the objectives and purposes are. The only section of the statute [2] which attempts to set out objectives is as follows:

"The authority shall co-ordinate multiple use of property for such purposes as grazing, fish and game, mining and mineral removal, development and utilization of water and other natural resources, industrial, and other uses in addition to

1. Rowell, et al., v. State Board of Agriculture, 98 Utah 353, 99 P.2d 1; Revne v. Trade Commission, 113 Utah 155, 192 P.2d 563, 3 A.L.R.2d 169.

2. Section 65–86, U.C.A.1953.

recreational development, and adopt such reasonable rules and regulations as the authority may deem advisable to insure the accomplishment of the objectives and purposes of this act."

A careful reading of the act in its entirety fails to disclose any limitation on the power granted to the plaintiff. It is also observed that the act fails to identify with any degree of clarity the powers, duties and responsibilities of the plaintiff.[3]

 It is the defendant's third contention that the act does grant to the plaintiff the right to take defendant's property by eminent domain. It is noted that Section 65–8–6 of the act provides as follows:

"The authority shall have power to construct facilities and to acquire real and personal property in the name of the authority by all legal and proper means, including purchases, gifts, devise, eminent domain, lease, exchange, or otherwise."

The last paragraph of the same section which deals specifically with Antelope Island provides as follows:

"The authority is authorized to take any steps that are necessary to secure such part of Antelope Island by donation, purchase agreement, lease, or other lawful means as deemed necessary for recreational use."

It will be observed that the legislature in speaking of the property we are concerned with failed to include as a means of acquisition the taking by eminent domain. We must assume that the legislature intended that language, otherwise it may well have omitted the above quote provision altogether. We must conclude that the legislature intended a manner of acquisition of Antelope Island other than eminent domain. We conclude that the plaintiff was not empowered by the act to bring these proceedings.[4]

It is directed that the complaint be dismissed. No costs awarded.

HENRIOD, C. J., and CALLISTER, J., concur.

McDONOUGH, Justice, heard the arguments but died before the opinion was filed.

CROCKETT, Justice: (dissenting).

I adhere to my belief that the prior decision issued before the rehearing was granted is correct, 18 Utah 2d 45, 414 P.2d 963. Because of this, there is a temptation to reiterate the discussion of each of the points and the basis upon which the majority of

---

3. Rowell, et al., v. State Board of Agriculture, et al., supra; Revne v. Trade Comm., supra; Nowers v. Oakden, et al., 110 Utah 25, 169 P.2d 108; State v. Packard, 122 Utah 369, 250 P.2d 561.

4. Bertagnoli v. Baker, 117 Utah 348, 215 P.2d 626; Moyle v. Salt Lake City, 111 Utah 201, 176 P.2d 882.

the court as then constituted reached the opposite conclusions sustaining the judgment of the trial court. However, inasmuch as the majority of this court as now constituted rules to the contrary, it would serve no useful purpose for me to further extenuate upon the matter, and I therefore spare this opinion from such repetition and refer to the discussion in the prior opinion, adding only the following observations:

· First, it impresses me as being unnecessary to declare the act unconstitutional when the dispute between the parties could be adjudicated and the defendant's position justified on other grounds stated in the court's opinion, Heathman v. Giles, 13 Utah 2d 368, 374 P.2d 839.

The second concerns another proposition equally well established: In the prior decision the majority of the court gave what we considered to be proper deference to the legislative prerogative by indulging the usual presumption in favor of the validity of legislative acts to the end that they should be so construed as to make them operable and constitutional whenever that reasonably can be done. See prior decision referred to above and authorities therein cited. It seems to me that this is the point of divergence between the respective opinions, that the prior opinion follows the course just stated, while the instant majority opinion rather inclines to the contrary.

As was conceded in the prior opinion this act is certainly not without its frailties. It is the writer's impression that they may have resulted from legislative compromise and amendment. Nevertheless, when the practicalities are considered there probably should be no lamentation about the matter. It is apparent that to proceed further with the project there would have to be a new appropriation by the legislature anyway. Therefore, the whole situation will undoubtedly be given further consideration by a newly elected and somewhat differently constituted legislature which is to meet next month. If it is to be carried forward it would undoubtedly be wise, and helpful to those charged with that responsibility, that there be some clarification of the act.