The STATE of Utah, Plaintiff and Respondent,

v.

Elizabeth A. MULLINS, Defendant and Appellant.

No. 14116.

Supreme Court of Utah.

April 29, 1976.

---

Robert M. McRae, of Hatch, McRae & Richardson, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Defendant, Elizabeth Mullins, appeals her conviction upon a trial to the court of what is now called "theft" by receiving stolen property, of a value greater than $250 and less than $1,000, knowing that it was stolen.[1] She was sentenced to pay a fine of $500, and placed on probation for a period of two years, on condition that the fine be paid.

Her attack is upon two grounds: (1) that the evidence was insufficient to justify a finding beyond a reasonable doubt that she knew the property was stolen; and (2) that the part of the statute quoted below which allows a presumption relating to knowledge that property is stolen is unconstitutional.

The property involved here consists of various tools and power machinery, taken from Intermountain Glass Company, in Salt Lake City, on August 25, 1974, by Charles William Brown, age 20, and Allen M. Vanover, age 19. Later the same day, the boys took a car load of stolen items to the defendant's home in Murray; where she looked it over and made a deal with them to buy the lot for $250. Their conversation included statements that the goods were stolen; and specifically defendant asked if they were stolen. They had similarly sold the defendant stolen property on a number of previous occasions, and they had made up a story to be used if the police should ever ask her questions, to the effect that the tools had belonged to "my dad" or to "his dad." It also appears that both of the boys had records of involvement in previous burglaries; and both testified that they had sold the defendant stolen tools and other goods on several previous occasions.

Sometime thereafter the tools and property in question were taken out to the defendant's ranch in Duchesne County and stored in several places, including in a silo. A few months later, both youths were apprehended and convicted of other burglaries. During the process of investigation and conviction, they disclosed that they had sold the stolen goods to the defendant on August 25, 1974. A warrant was issued for a search of the defendant's ranch. Among numerous items of property found there, were the tools and equipment which were identified as having been taken from the Intermountain Glass Company, along with other items including a calculator and an electric steel punch, both of which had been previously stolen.

In preface to our consideration of the defendant's assignments of error, we make the following observations: Our fundamental concern is and should be the guilt or innocence of the accused and whether she had a fair trial in arriving at the judgment thereon. Obvious as that statement may be, it nevertheless may seem strange in the company of much of the sophistry that is nowadays often not only countenanced, but indulged, in the field of criminal law.

■ Consistent with the just stated principle, these further observations are applicable: (1) that there is ample basis in the evidence to justify the trial court's finding of the defendant's guilt beyond a reasonable doubt; and (2) that even if it be assumed that the court committed error as the defendant complains, there is no reasonable likelihood that there would have been a different result if those errors had not been committed. This court has stated the rule, and cited respected authori-

---

1. 76-6-412, U.C.A.1953, "*Theft—Classification of offenses—* . . . (1) Theft of property and services as provided in this chapter shall be punishable as follows: . . . (b) As a felony of the third degree if: (i) The value of the property or services is more than $250 but not more than $1,000; . . . .

ty to support it, that if such is the situation, there should be no reversal of a conviction of crime simply because error was committed.[2]

 In the defendant's attack upon the validity of a portion of the statute under which she was charged and convicted, she complains about statements made in the court's discussion at the conclusion of the trial. In talking about the evidence, he referred to the fact that much of the property was ". . . placed in a garage [the defendant's] and sold [to her] in effect sight-unseen for $250, with no questions as to who, how, why, when or where, . . . " He also recited that he found that other items which had been stolen on separate occasions were in the defendant's home; and the particular statement upon which she predicated her claim of error is that in connection with his discussion of the evidence he included this:

Based upon the presumptions, I would have to find the defendant guilty of receipt of property of a value of less than $1,000.00 and over $250.00.

We accept defendant's contention that the reference was to the presumption allowed in the statute under which she was charged. Section 76-6-408(1), U.C.A. 1953 provides:

A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, . . . .

Its second paragraph states:

(2) The knowledge or belief required for paragraph (1) is presumed in the case of an actor who:

(a) Is found in possession or control of other property stolen on a separate occasion; or

(b) Has received other stolen property within the year preceding the receiving offense charged; or

. . . . .

Defendant contends that the presumption so allowed is unconstitutional because it violates her right to be presumed innocent until the State proves every element of the offense charged beyond a reasonable doubt; and that it thus deprives her of due process of law.[3]

Speaking generally about this contention as applicable to this case; it was the trial court's duty and prerogative to determine on the whole evidence whether he believed beyond a reasonable doubt that the defendant was guilty of the offense charged; and statements excerpted from his discussion would neither control nor vitiate his decision unless it revealed that he was laboring under such a misconception of the law or the evidence that the verdict was not based upon a supportable foundation. No such situation is demonstrated here.

When this statute is given a fair and reasonable interpretation in its total context, as it should be, we do not perceive wherein it relieves the State from proving any element of the offense beyond a reasonable doubt. In speaking of the receiving or having possession of other stolen property the fair import includes "knowing it to have been stolen." This is what the law condemns, as shown in this statute; and it should not be deemed to include any innocent or unaware possession of stolen property. This is consistent with the rules that an interpretation of a statute which makes a statute constitutional will be preferred over one which may render its constitutionality doubtful;[4] and that the court

---

2. The mandate of our law is that even if some error has been committed it should be disregarded unless it is substantial and prejudicial, see 77-42-1, U.C.A.1953; *State v. Scandrett,* 24 Utah 2d 202, 468 P.2d 639; *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284.

3. She cites the due process clauses of Sec. 7, Art. I, Utah Const.; and Amend. XIV, U.S.Const.

4. 16 C.J.S. Constitutional Law § 98 p. 359; 16 Am.Jur.2d 302.

will not declare a statute unconstitutional if it can be decided on other grounds.[5]

The foregoing is to be considered in connection with our law relating to presumptions as set forth in our statutory provision, Section 76–1–503, U.C.A.1953:

> *Presumption of fact.*—An evidentiary presumption established by this code or other penal statute has the following consequences:
>
> (1) When evidence of facts which support the presumption exist, *the issue of the existence of the presumed fact must be submitted to the jury* unless the court is satisfied that the evidence as a whole clearly negates the presumed fact;
>
> (2) *In submitting the issue of the existence of a presumed fact to the jury, the court shall charge that while the presumed fact must on all evidence be proved beyond a reasonable doubt,* the law regards the facts giving rise to the presumption as evidence of the presumed fact. [Emphasis added.]

When this statute is considered together with the above quoted Section 2 of 76–6–408, upon which defendant focuses her attack, it will be seen that the effect is not to create a conclusive presumption of fact.

It does relate to the procedure of going forward with proof; and it does authorize what a fact trier could and would do anyway; that is, recognize the fact that if a person has received or had in her possession property stolen on a prior occasion, that has probative value in determining whether she did so on the instant occasion. But our statute Section 76–1–503 just quoted expressly provides that any such "presumed fact" is still a question of fact to be submitted to the jury (or the court as fact trier) and that it still must be proved beyond a reasonabe doubt. We are therefore unable to see that the statute as so applied deprives defendant of due process of law.[6]

It is our impression that the trial judge gave careful and conscientious consideration to the evidence and the contentions presented; and that he acted in conformity with the rules of law as discussed herein in arriving at his judgment. Wherefore, there is no basis shown for reversal of defendant's conviction.

Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

5. *Heathman v. Giles*, 13 Utah 2d 368, 374 P.2d 839 (1962). See also *Salt Lake City v. Perkins*, 9 Utah 2d 317, 343 P.2d 1106; and see 5 Am.Jur.2d 311; 16 Am.Jur.2d 301 and cases cited therein.

6. We so state in awareness of the distinctions discussed in the cases *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1968); *Turner v. United States*, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1969); and *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).