**STATE of Utah, Plaintiff and Respondent,**

v.

**Wallace Murphy PLUM, aka Porky Plum, Defendant and Appellant.**

**No. 14374.**

Supreme Court of Utah.

July 14, 1976.

---

1. 51 Utah 543, 171 P. 515 (1918); *Gray v. Kappos*, 90 Utah 300, 61 P.2d 613 (1936).

Sumner J. Hatch of Hatch, McRae & Richardson, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

Defendant appeals from a conviction for the crime of receiving stolen property in violation of Section 76–6–408, U.C.A.1953, as amended. Defendant is here seeking a reversal.

On July 3, 1975, the clerk of the Sanders Coin Shop in Ogden, Utah, was robbed of an assortment of gold and silver coins. The defendant Plum was not identified as one of the robbers who committed the offense. On July 7, 1975, defendant entered the Rust Coin and Gift Shop in Salt Lake City with a satchel of coins which he offered to sell. After Mr. Rust, the proprietor, had made an inventory of the coins, he offered to purchase the same for the sum of $2,850. The defendant left the coins with the coin shop while he considered the offer and then he agreed to leave the coins over night and to accept the check the following morning in payment. In the interim Rust observed that some of the coins brought to the shop by the defendant were similar to a list from the Ogden robbery. The next day when the defendant returned to the coin shop to pick up the check in payment he was arrested for receiving stolen property. While the coins were in Rust's possession and prior to the arrest of the defendant, the proprietor of the Sanders Coin Shop in Ogden, Utah, had inspected the coins and had identified them as being coins taken from his shop.

After the arrest of the defendant he was questioned by the officers as to where and from whom he had obtained the coins. The defendant responded by telling the officers that he obtained the coins from stranger who had come into his place of business from the street. The defendant first said he had traded diamonds and jewelry for the coins, and later stated that he had paid $2,600 in cash for them, but took no receipt from the person from whom he obtained the coins. The defendant did report that the person from whom he obtained the coins had stated that he had obtained them from a collection of his father's and his grandfather's.

In the lower court as well as here on appeal the defendant claims that that portion of the statute under which he was convicted is so vague as to render it unconstitutional. Section 76–6–408, U.C.A.1953, as amended, the statute here being challenged, is in the following language:

> (1) A person commits theft if he receives, retains, or disposes of the property of another knowing that it has been stolen, or believing that it probably has been stolen, or who conceals, sells, withholds or aids in concealing, selling, or withholding any such property from the owner, knowing the property to be stolen, with a purpose to deprive the owner thereof.

The court below submitted to the jury three forms of verdicts for their consideration. One verdict specified not guilty, one form of verdict included in substance the following language: We find the defendant guilty of theft by receiving, knowing said property has been stolen, as charged in the information. It is that portion of the statute above quoted which states "believing that it probably has been stolen," which is subject to the constitutional challenge for vagueness. That phrase was defined by the trial court in its instructions in the following manner:

> One of the elements in the crime as heretofore read to you by the Court is the phrase "believing that it has probably been stolen."

> You are instructed that the word "believing" means "having a belief or opinion." In other words, "to believe that a fact exists." The word "probably" means "likely to occur, but involving an element of uncertainty."

The language of that instruction was requested by the defendant.

We do not commend the drafters of the legislation for their choice of language, but on the whole it undoubtly is sufficient to inform those who would obey the law as to what conduct is expected. The statute here under consideration was before this court on a prior occasion,[1] but the particular portion of the statute here involved was not construed by the court. However, in this case the trial court was careful to instruct the jury as to the elements of the crime and to further instruct that the State had the burden of proving each element beyond a reasonable doubt.

The verdict returned by the jury is amply supported by the evidence. The verdict and sentence of the court below is affirmed.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

---

1. *State v. Mullins*, Utah, 549 P.2d 454.