**STATE of Utah, Plaintiff and Respondent,**

v.

**Frank GRANATO, Defendant and Appellant.**

**No. 16365.**

Supreme Court of Utah.

April 11, 1980.

Phil L. Hansen of Hansen & Hansen, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

SAM, District Judge:

Defendant Frank Granato appeals from his conviction by the court of an attempt to make a political contribution while employed as a representative of Old Mr. Boston, a liquor distillery.[1] Mr. Granato was fined $500.00.

Defendant contends that the judgment should be reversed as a matter of law on the following alternative grounds: that 32–4–22, U.C.A., 1953, is unconstitutional and void; and that the attempt provision set out at 76–4–101, U.C.A., 1953, of the Criminal Code is not applicable to an offense

under 32–4–22 of the Liquor Control Act. In the alternative, the defendant seeks to have the denial of his motion to take depositions reversed, and the case remanded for a new trial.

The facts were stipulated. They reflect that on May 28, 1976, the defendant was a representative of Old Mr. Boston, a liquor distillery. He was also the owner of Granato Food Products and Frank Granato Importing Co., distributors of imported foods. Mr. Scott Matheson was at the time a candidate for the office of Governor of the State of Utah.

On two occasions prior to and again on May 28, 1976, Mr. Granato's food distributing business prepared and delivered trays of imported foods to fund-raising functions for the campaign of Mr. Matheson. On all three occasions, Mr. Granato charged the Matheson for Governor committee at the regular prices. He had received an invitation, along with many others, to attend a fund-raising function for Mr. Matheson, to be held on the evening of May 28, 1976.

With the purpose of promoting good will and future sales of food to the Matheson campaign organization, Mr. Granato accepted the invitation. Upon arrival, Mr. Granato was told that the campaign was taking fifty dollar contributions from all invited guests. Mr. Granato handed over his fifty dollars and when asked to sign a roster so that the campaign would know to whom the offering should be credited, he declined. Later that evening, Mr. Matheson and his campaign manager reviewed all offerings received. Upon seeing the fifty dollar offering from Mr. Granato, the candidate stated that it would be inappropriate to accept the money, declined to accept it, and ordered that it be returned.

On the day of the trial, the state moved to reduce the offense charged to an attempt to violate Sec. 32–4–22, referred to above; and the case was submitted to the court for determination upon stipulation of the foregoing facts and that the defendant had no knowledge of the existence of the statute in

---

1. In violation of 32–4–22, U.C.A., 1953.

question, nor of any legal prohibition against making campaign contributions. Upon consideration of the matter, the trial court found the defendant guilty.

■ A basic rule with respect to conviction of crime is that there must be some basis in the evidence upon which the fact trier (court or jury) could fairly and reasonably believe that the state had proved every essential element of the offense beyond a reasonable doubt; and unless that test is met, a conviction is not justified.

The State having chosen to charge the defendant with an attempt to commit a crime must prove that the defendant acted with the kind of criminal intent required for the commission of the offense, and which conduct constituted a substantial step towards its commission.[2]

The difficulty with the state's case relates to the matter of criminal intent. It will be seen from the statute, which is quoted in the dissent, that this particular statute is not solely a malum prohibitum statute, but that it recognizes and provides for some mens rea or guilty knowledge in violating it to justify conviction for crime. This is said in awareness of the formula set forth in Sec. 76–2–304, also quoted in the dissent. It is true enough that under usual circumstances, an inference of guilty knowledge may have been drawn from the defendant's declining to sign the roll. (Incidentally it may also have been to avoid getting on a list to be exploited for other causes or purposes, or for other reasons than a sense of guilt.) But under the particular and rare fact situation here, the state itself *expressly negatived* any such inference of criminal intent by its stipulation that the defendant had no knowledge of the prohibitory statute.

There is a further aspect of this alleged offense to be considered. There is nothing inherently wrong in a person making a contribution to assist another in his effort to be elected to public office. Even less so when it is expressly agreed that he did so without

knowing it was wrong. Even if it were, it would seem that in order to make out the offense of making an unlawful contribution to a campaign fund, it would take two persons: the offerer and the acceptor. A fair and reasonable view of the stipulated facts is that the defendant, without any sense of wrong doing, handed his money to a functionary; and as soon as the intended recipient learned of that fact, he declined to accept the offer. Our statutes do not expressly make an attempt to violate Sec. 32–4–22 an offense.

It is perhaps understandable that the state desires to diligently police and prosecute any violations of the statute referred to in order to keep candidates and public officials from being involved with improper control, influence or corruption. That is indeed a commendable objective with which we are in entire accord. Notwithstanding that proposition, upon our consideration of the facts as discussed herein, it is our conclusion that the actions and the intent of the defendant, as stipulated herein, are not such as to justify reasonable minds as believing beyond a reasonable doubt that he was guilty of the offense.

With reference to the issue of constitutionality, this Court has held that it will not pass upon the constitutionality of a statute unless it is essential to the solution of the controversy before it. Having determined that such is not essential to the case at hand, there is no need to consider the constitutionality of the statute.[3]

Reversed. No costs awarded.

CROCKETT, C. J., and MAUGHAN, J., concur.

CHRISTOFFERSEN, District Judge (dissenting):

The defendant was charged with a violation of U.C.A., 1953, 32–4–22, a third degree felony, and on the day of trial the State moved to reduce the offense charged in the Information to an attempted violation of

---

**2.** See 76–4–101, U.C.A., 1953.

**3.** *Heathman v. Giles*, 13 Utah 2d 368, 374 P.2d 839 (1962).

U.C.A., 1953, 32–4–22, a class A misdemeanor. The defendant was found guilty by the trial court on a stipulated set of facts.

Section 32–4–22, U.C.A., 1953 provides: (1) No licensee under this act or any dealer in, manufacturer, distiller or agent or representative thereof of intoxicating liquor shall make any contribution, either directly or indirectly, to any candidate for political office or to any political party.

The defendant was employed as a representative of Old Mr. Boston, a liquor distillery. On May 28, 1976, the defendant at a fund raising party for Governor Matheson, upon suggestion from someone there, contributed $50.00 to the campaign fund of Governor Matheson. This was later returned.

The majority opinion concludes that the defendant's conduct does not constitute the crime contemplated by the involved section of the code nor did his conduct constitute a substantial step toward the commission of the offense. The fact is the defendant is a representative of a liquor licensee under the code and that he directly made a contribution to a candidate for political office. It is urged by the majority that the State has not met its burden of proof in showing these actions meet the minimum requirements of criminal conduct necessary to establish his guilt.

U.C.A., 1953, 76–2–101 provides: No person is guilty of an offense unless his conduct is prohibited by law and: (1) He acts intentionally, knowingly, recklessly or with criminal negligence with respect to each element of the offense as the definition of the offense requires.

Elements of the offense are (1) that you be a liquor licensee or a dealer in, manufacturer, distiller or agent or representative thereof; (2) that you either directly or indirectly make a contribution to any candidate for political office. Defendant certainly knew he was an agent of a liquor licensee; he certainly, intentionally and knowingly made the contribution. The fact that Governor Matheson later discovered he had received money from a liquor agent for a liquor licensee doesn't affect his conduct or intent at the time the contribution was made, nor does the fact that the defendant states he didn't know of the existence of the statute causing this to be a violation negate his intent to do what he did. U.C.A., 1953, 76–2–304 provides: (1) Unless other provided, ignorance or mistake of fact which disproves the culpable mental state is a defense to any prosecution for that crime.

(2) Ignorance or mistake concerning the existence or meaning of a penal law is no defense to a crime unless:

(a) Due to his ignorance or mistake, the actor reasonably believed his conduct did not constitute an offense, and

(b) His ignorance or mistake resulted from the actor's reasonable reliance upon:

(i) An official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or

(ii) A written interpretation of the law contained in an opinion of a court of record or made by a public servant charged by law with responsibility for interpreting the law in question.

The trial court may well have found on the basis of the stipulated facts that when the defendant gave his contribution and was asked to sign a roster so that the campaign would know to whom to credit the offering, he declined, indicating he was willing to make the contribution but did not want a public record of it. But even so the above statute provides that ignorance of the statute is no defense to the crime except under certain conditions. Those conditions being written interpretations of the law or official statements of the law by authorized administrative agency. This does not exist in this case.

Therefore, it is the opinion of this writer that the defendant not only attempted to commit the violation, he succeeded in doing so and would, therefore, uphold the ruling of the trial court.

STEWART, J., concurs in the views expressed in the dissenting opinion of Judge CHRISTOFFERSEN.

WILKINS and HALL, JJ., having disqualified themselves, do not participate herein.