516 P.2d 1392

**Robert E. ROLL, Plaintiff and Respondent,**

v.

**Delmar L. LARSON, Sheriff of Salt Lake County, Defendant and Appellant.**

**No. 13287.**

Supreme Court of Utah.

Dec. 14, 1973.

Vernon B. Romney, Atty. Gen., Carl J. Nemelka, Salt Lake County Atty., Ronald

---

N. Boyce, Deputy Salt Lake County Atty., Salt Lake. City, for defendant and appellant.

Phil L. Hansen, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

■ Plaintiff was charged with first-degree murder; he filed a petition for a writ of habeas corpus, for the purpose of having a judicial determination of his right to bail. Upon hearing, the trial court ruled that as a result of the holding in Furman v. Georgia,[1] the death penalty might not be imposed in the State of Utah; therefore, first-degree murder was no longer a capital offense. The trial court reasoned that plaintiff was charged with a non-capital crime and that he was entitled to bail as a matter of right. Defendant appeals and urges that first-degree murder is not a bailable offense where the state's evidence shows that the proof is evident or the presumption strong.

Article I, Section 8, Constitution of Utah, provides:

All prisoners shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption strong . . . .

This provision refers to a specific, distinct category identified as "capital offenses" for which bail may be denied under certain circumstances. The legislature has classified offenses by their gravity both for the purpose of fixing bail before trial and for imposing punishment after conviction. The legislative classification of a crime as a "capital offense" remains constant, although under Furman v. Georgia,[2] it seems doubtful that punishment by death can be constitutionally exacted.

In the recent decision of State v. James [3] this court cited the cases that have considered the impact of Furman when the right to bail was contingent on whether the defendant was charged with a "capital offense." There has developed a split of authority; some jurisdictions have proceeded under the "penalty" theory and others have followed the "classification" theory. The former theory is premised·on the concept that a "capital offense" refers strictly to the punishment or penalty which may be imposed upon a person found guilty of a crime. The adherents of this theory reason that if there be no criminal offense for which the death penalty might be imposed, there are no longer, any "capital offenses." In the instant case, the trial court's ruling followed the "penalty" theory.

The "classification" theory proceeds on the concept that the constitution and stat-

1. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

2. Note 1, supra.

3. 30 Utah 2d 32, 512 P.2d 1031 (1973).

utes refer to a category of offenses for which the punishment of death might be imposed. The legislature determines the proper classification of a crime according to its gravity, and this classification endures, although punishment by death may not constitutionally be imposed. In State v. James, this court adhered to the "classification" theory and explained that defendant was charged with a crime so distinct and grave in nature that the legislature deemed that death might be an appropriate penalty. The legislature has designated only three crimes in this unique category. This court concluded that the Constitution of Utah had provided a system of classification of certain serious offenses and mandated a specific procedural structure for the administration of justice based thereon, and Furman v. Georgia could not be rationally construed as abrogating our fundamental law.[4]

Plaintiff has urged an alternate ground to sustain the determination of the trial court; however, the trial court ruled adversely thereon and plaintiff did not cross-appeal. The trial court erred in its ruling, and this cause is reversed and remanded for disposition in accordance with this opinion.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

4. Also see In re Kennedy, Okl., 512 P.2d 201 (1973); Jones v. Sheriff, Washoe County, Nev., 509 P.2d 824 (1973).