George SCOTT, Plaintiff and Appellant,

v.

Sheriff Ed RYAN et al., Defendants and Respondents.

No. 14419.

Supreme Court of Utah.

March 30, 1976.

Stephen W. Farr of Vlahos & Knowlton, Ogden, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Robert L. Newey, Weber County Atty., Ogden, for defendants-respondents.

MAUGHAN, Justice:

On appeal is an order of the trial court denying plaintiff's petition for writ of habeas corpus. We reverse, grant plaintiff's petition for the writ, and remand for an immediate bail hearing.

On December 31, 1975, plaintiff was arrested and charged with a felony. Since then he has been incarcerated in the Weber County jail. At the time of his arrest plaintiff was on probation because of a prior conviction for a misdemeanor. He was denied bail, because the trial court interpreted Article 1, Section 8, Constitution of Utah, to mean that under these circumstances bail could not be granted. Such an interpretation denies bail to anyone arrest-

ed for another offense while on probation for a first offense, and denies a hearing for the purpose of determining whether the proof is evident or the presumption strong in the pending felony proceeding.

The subject article reads as follows:

[Article 1, Section 8, Constitution of Utah as amended in 1973]

All prisoners shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption strong or where a person is accused of the commission of a felony while on probation or parole, or while free on bail awaiting trial on a previous felony charge, and where the proof is evident or the presumption strong.

This provision affirms the fundamental right to bail of one accused of a crime; and it does so in mandatory terms. Article 1, Section 26, compels that it be so interpreted:

The provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise.

There are three issues raised in the instant action: One, whether the standard thta the proof is evident or the presumption strong applies to an accused on parole or probation. Two, who must sustain the burden at a bail hearing, on this standard. Three, whether the exception clauses of this provision apply to an accused on probation or parole following a conviction for a misdemeanor.

The grammatical construction of Section 8 is as follows: Following the mandatory provision is the first exception, controlled by the standard of evident proof or strong presumption. Next come two disjunctive phrases coupled by the conjunctive phrase "and where the proof is evidence or the presumption strong." This last phrase modifies both the preceding disjunctive phrases.

■ Since the right to bail is a fundamental right, the State must sustain the burden of proving the accused is within one of the exceptions.

With respect to the third issue, plaintiff urges that the proper construction of the first disjunctive phrase is:

or where a person is accused of the commission of a felony while on probation or parole because of a previous felony charge.

■ We think this position is well taken for the reasons that Section 8 grants a fundamental right, the exceptions create distinct classifications, which mark a departure from the norm. The capital offense exception accentuates the gravity of the nature of the offense in order to sustain a denial of a fundamental right. The second exception represents an intention to create a classification of comparable gravity, viz., a double felony standard.

■ Probation on a misdemeanor charge would be a radical departure from the "grave offense" standard, which is clearly expressed in the other exceptions of Section 8. Thus, the second exception applies where a person is accused of the commission of a felony while on probation or parole, because of a previous felony conviction.

TUCKETT, J., concurs.

ELLETT, J., concurs in the result.

CROCKETT, Justice (concurring as to remand, but dissenting in part).

One of the cardinal principles of interpretation, whether of a statutory or a constitutional provision, is that the intent and purpose of its framers should be given effect. In this instance that purpose was to combat the steady and alarming increase in crimes, particularly by career criminals, who are often no sooner caught and locked up then they are out on bail to commit other crimes. To combat this evil our legislature proposed and our electorate adopted as an amendment, the addition to Section

8 of Article 1 of our Constitution shown within the brackets:

All prisoners shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption strong [or where a person is accused of the commission of a felony while on probation or parole, or while free on bail awaiting trial on a previous felony charge and where the proof is evident or the presumption strong.]

It is significant that as to a person awaiting trial *before conviction,* there is an express limitation: to a "previous *felony* charge." But as to probation and parole *after conviction* there is no such restriction. The framers obviously had the distinction in mind and could easily have so stated had that been their intention.

It is my opinion that when the emphasized addition to the constitutional provision is considered in the light of the purpose of its adoption, there is neither justification nor desirability of any labored effort to read into it something that is not there: that is, distinction between one being on probation for misdemeanor (many of which are serious antisocial offenses) and a felony. Its language says simply and plainly: that if a person is either on probation or parole (and without restriction as to whether for a felony or misdeameanor), and is thereafter accused of a felony, plus the fact that "the proof is evident or the presumption strong" as to the new charge, there is no constitutional mandate that he must be granted bail. And it therefore may be denied.

In accordance with the above, it is my judgment that when a person is in any one of the three stated conditions, then the court shall determine, either on the representations of respective counsel, or upon a hearing if he thinks that is necessary, whether on the new charge "the proof is evident or the presumption strong"; and if he thinks that it is, the court may deny that person bail. I would remand for that purpose.

HENRIOD, Chief Justice (dissenting).

I dissent because:

1) This case is moot, and to entertain it is to decide a case on a constitutional ground that does not require expediency.[1] This matter has been a comedy of errors to date and to issue an opinion on the state of the record is to renege under and ignore something that calls for a declaratory judgment scenario. The record, such as it is, indicates that defendant was afforded due process at a preliminary hearing and that bail was denied, since he had been and was on probation in a series of misdemeanors, and was bound over for trial on a felony charge which now is pending, and will be tried in two weeks. His own counsel, in a letter to this court, dated March 3, 1976, said, in referring to "*State v. George Scott and Darletha Scott,*" that "We have postponed the Darletha Scott trial until Monday, March 8, so the issue will not become *moot* until after that time." The right to bail is sacred but not absolute under the Federal Constitution's Eighth Amendment[2] nor under Utah's Article 1, Section 8, which was passed as a result of some kind of a "Commission" tinkering with the Constitution.

2) The main opinion, with what appears to be a degree of naivete, says that the subject constitutional provision (Article 1, Section 8), which says the offense may not be bailable if, having been charged with felony, is "on probation or parole," really means "on probation or parole on a *felony* charge." The amendment says no such thing, and the main opinion is tinkering with the Constitution, not only by judicial legislation, but by what I believe to be un-

---

1. *Salt Lake City v. Perkins,* 9 Utah 2d 317, 343 P.2d 1106 (1959); *Federal Cartridge Corp. v. Helstrom,* 202 Or. 557, 276 P.2d 720 (1954).

2. *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); *State v. Cassius,* 110 Ariz. 485, 520 P.2d 1109 (1974).

**238**

authorized illogic, by adding to it the words "on a felony charge." These words just aren't there and personal opinion cannot supply them.

All the main opinion is doing is saying we have a hot potato and we'll cool it with icy verbage. Best we leave it to burn our digits than to prostitute ourselves to an easy alley exit,—which will never condone judicial pandering about constitutional language.

Matter of fact: This case is moot,—needs no deciding now,—has no absolute or other kind of necessity for determination at this time,—and should be ignored.

Failing that, this court simply should say the language of the amendment may be unfortunate and illy drafted, but is neither obscure nor ambiguous. Any luxury to twist it must lie with us, not rhetoric,—if published. The case should be rejected as being moot, frivolous, premature and dangerously academic. If there must be a more than useless gesture here for the edification of an already over-burdened attempt to edify the Bench and Bar,—the trial court soundly should be affirmed.

Someone suggested that probation or parole applies only to felonies, but this is unsupported by any suggested or cited authority.

I am convinced that whoever concocted the 1971 Amendment did not have in mind such a conclusion, but more reasonably may have examined Black's Law Dictionary, where "parole" is defined as:

A conditional release: condition being that, if prisoner makes good, he will receive an absolute discharge from balance of sentence, but, if he does not, he will be returned to serve unexpired time.

And where "probation" is defined as:

In modern criminal administration, allowing a person convicted of some minor offense (particularly juvenile offenders) to go at large, under a suspension of sentence, during good behavior, and generally under the supervision or guardianship of a "probation officer."

There is nothing I know of in our State Constitution or statutes that says the words "probation" or "parole" enjoy the luxury of any connotation restricted to felonies, and my guestimate is that the word "probation" is employed descriptively and practically 10,000 times more frequently to "misdemeanors" such as reckless driving, riots, shoplifting, assaults, batteries, and the like, than to "felonies."

Whether our Constitution Article 1, Section 8, is vulnerable to unconstitutionality as may some day be decreed by the United States Supreme Court, or as some irreverent one might say an "act of God," is one thing, but for this court to *change* our State Constitution by adding convenient, but completely unwarranted language to it, is to Marshall it with an undisguised interdiction amounting to not only judicial legislation, but judicial usurpation of power reserved to another branch of government,—and to the people, who voted for the amendment that contains no words even remotely assimilative in its language.