Mark CHYNOWETH, Plaintiff
and Appellant,

v.

Delmar LARSON, Sheriff, Salt Lake
County, Defendant and Respondent.

Ramona MARSTON, Plaintiff
and Appellant,

v.

Delmar LARSON, Sheriff, Salt Lake
County, Defendant and Respondent.

Nos. 15494, 15495.

Supreme Court of Utah.

Nov. 29, 1977.

Robert Van Sciver, Salt Lake City, for
Mark Chynoweth.

Randall Gaither, Salt Lake City, for Ramona Marston.

Robert B. Hansen, Atty. Gen., R. Paul
VanDam, Salt Lake County Atty., Salt
Lake City, for defendant and respondent.

WILKINS, Justice:

All statutory references herein are to
Utah Code Ann., 1953, unless otherwise indicated.

The plaintiffs were charged in a complaint issued by Salt Lake City Court on
September 15, 1977, with the offenses of
Criminal Homicide, Murder in the First Degree (a capital felony) in violation of Sec.
76–5–202(c) and (f), enacted in 1973 and
amended in 1975; Criminal Conspiracy (felony in the first degree) in violation of Sec.
76–4–201, enacted in 1973; and Attempted
Criminal Homicide (felony in the first degree) in violation of Sec. 76–5–202(c) and
(f), supra. Also see Sec. 76–4–101, enacted
in 1973. The complaint states that the victim of the homicide was Rulon Clark Allred
and the intended victim of the attempted
homicide was Merlin Kingston.

Plaintiffs Marston and Chynoweth filed
separate complaints for a Writ of Habeas
Corpus on October 17th and 18th, respec-

tively, in the District Court of Salt Lake County claiming that they have been denied bail and consequently are unjustly imprisoned in the custody of the defendant. A hearing was held jointly on both complaints before said Court on October 20, 1977. On October 25, 1977, the Court, by memorandum decision, denied bail for plaintiffs and dismissed the writ. From the District Court's ruling, plaintiffs appealed and the matter was heard before this Court on November 4, 1977.

In its memorandum decision, the District Court denied bail on the basis of the deposition of Detective Paul W. Forbes, who investigated the subject matters of the criminalcomplaint, though a hearsay objection was made by plaintiffs to this deposition which was originally taken before a Salt Lake City Court Judge prior to issuing the complaint pursuant to Sec. 77–11–3, which states:

> When a complaint is made before a magistrate charging a person with the commission of a crime or public offense, such magistrate must examine the complainant, under oath, as to his knowledge of the commission of the offense charged, and he may also examine any other persons and may take their depositions.

Plaintiffs contend that they are entitled as a matter of right to reasonable bail under Utah's Constitution, statutes, and case law [1] unless the State by presenting competent evidence sustains its burden of proof to deny bail on the basis that one of the crimes specified in the criminal complaint with which plaintiffs are charged, noted ante, is a capital offense.

Art. I, Sec. 8, Constitution of Utah, states:

> All prisoners shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption strong. . . .

Art. I, Sec. 8 has been a part of this State's highest law since statehood. An amendment to this provision was approved by the voters of Utah and became law on January 1, 1973, but that amendment added provisions not applicable to these cases. It in no way repudiated or altered the traditional right of one's entitlement to bail in capital cases except ". . . when the proof is evident or the presumption strong. . . ." As this Court stated in *Scott, supra:*

> This provision affirms the fundamental right to bail of one accused of a crime; and it does so in mandatory terms . .

unless one of the exceptions exists.

■ The prosecutor may present proof in affidavit form or, as in this case, in the depositional form described to oppose the release of those accused but not over the accuseds' objection. See *State v. Obstein,* 52 N.J. 516, 247 A.2d 5 (1968). In this cited case, the New Jersey Supreme Court made the following pertinent remarks which we adopt:

> The bail hearing before the trial court is not a unilateral one. That is, the prosecutor cannot limit the testimony to his direct examination of the State's witnesses. The defendant has the right of cross-examination. In this connection it must be remembered that the proceeding is not a wide-ranging one for discovery, nor for exploration or determination of guilt or innocence. The prosecutor, however, cannot prevent the accused from producing witnesses to introduce facts pertinent to the inquiry. But the narrow and focal issue must be kept in mind by the trial court and the hearing tailored to that issue, i. e., whether the facts adduced by the State, notwithstanding contradiction of them by defense proof, warrant the conclusion that if believed by a jury they furnish a reasonable basis for a verdict of first degree murder. At 247 A.2d 9 (note cases cited therein).

---

1. See Art. I, Secs. 8 and 9, Constitution of Utah; Secs. 77–43–3 and 77–43–12; and *Scott v. Ryan,* Utah, 548 P.2d 235 (1976).

 The Utah Rules of Evidence are applicable to and controlling at bail hearings.[2]

For reasons given in this opinion, the decision of the District Court is reversed and this matter is remanded to said Court for the purpose of conducting a hearing consistent with this opinion to determine whether or not plaintiffs should be admitted to bail.

No costs awarded.

MAUGHAN, and HALL, JJ., concur.

ELLETT, Chief Justice (dissenting).

On oral argument we were told that a preliminary hearing could not be held prior to December 5, 1977, because neither party could be ready for it prior to that time; and that the State would need to present some twenty-five witnesses to establish the conspiracy in which the appellants herein are accused of being participants. The appellants further contend that more proof is required to deny bail to them than is required to bind them over to the district court for trial.

It is rather difficult for me to see how the greater proof can be given instanter when the lesser proof included therein—cannot possibly be given before December 5, 1977.

The expression in our constitution ". . . when the proof is evident or the presumption strong . . ." has not heretofore been defined by this Court; however the language appears in the constitution of other states and it has been the subject of decisions in those states. The gist of those decisions is set out in 8 C.J.S. Bail § 34(3) of which the following excerpts are taken:

Although the right to bail in capital cases, except those in which the proof is evident or the presumption great, is generally absolute, the determination as to whether the evidence in any particular case comes within these exceptions is a matter for the sound discretion of the court or officer hearing the application.

. . . Thus 'proof evident' or 'evident proof' in this connection has been held to mean clear, strong evidence which leads a well-guarded dispassionate judgment to the conclusion that the offense has been committed as charged, that accused is the guilty agent, and that he will probably be punished capitally if the law is administered. 'Presumption great' exists when the circumstances testified to are such that the inference of guilt naturally to be drawn therefrom is strong, clear, and convincing to an unbiased judgment and excludes all reasonable probability of any other conclusion.

\* \* \* \* \* \*

It has been decided that, to sustain a refusal of bail in a capital case, it is enough that the evidence induces the belief that accused may have committed the offense; however, it has also been held that where the proof establishes only a probability of guilt, bail should be allowed.

The appellants filed their application for a writ of habeas corpus in the district court and caused a hearing to be held thereon two days after notice was given to the prosecuting attorney. There was no way in which the State could meet the burden that appellants seek to enforce upon it. The prosecutor stated that he could proceed if the court would accept the deposition taken of the officer at the time of the issuance of the complaint. The court accepted the deposition, and there being no further proof offered, refused to grant the writ of habeas corpus.

There is no complaint made about the sufficiency of the evidence in deposition to show that the proof is evident and the presumption strong. There is not the slightest doubt that the victim of the crime was shot in cold blood. The proof which

---

**2.** Note Rule 2 thereof which states:

Except to the extent to which they may be relaxed by other procedural rule or statute applicable to the specific situation, these rules shall apply in every proceeding, both criminal and civil, conducted by or under the supervision of a court, in which evidence is produced.

ties these appellants thereto is also clearly made out. The only question raised is that of the competence of the deposition taken pursuant to statute which reads:

When a complaint is made before a magistrate charging a person with the commission of a crime or public offense, such magistrate must examine the complainant under oath, as to his knowledge of the commission of the offense charged, and he may also examine any other persons and may take their depositions. [U.C.A., 1953, 77–11–3.]

The purpose of the deposition was to enable the magistrate to decide whether an offense had been committed and if so, whether a complaint should be issued and a warrant for the arrest of the accused placed in the hands of the sheriff for service. Thus any deposition taken is used as evidence by the magistrate, and I can see no reason for refusing to allow a judge to consider it when he is called upon to decide whether the bail should be high, low, or refused altogether.

This is especially true in light of the Utah Rules of Evidence which provide as follows:

Rule 63. Hearsay Evidence Excluded-Exceptions

Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible except:

\* \* \* \* \* \*

(15) Reports and Findings of Public Officials. Subject to Rule 64 and except for traffic accident reports, factual data contained in written reports or findings of fact made by a public official of the United States or of a state or territory of the United States, if the judge finds that the making thereof was within the scope of the duty of such official and that it was his duty (a) to perform the act reported, or (b) to observe the act, condition or event reported, or (c) to investigate the facts concerning the act, condition or event and to make findings or draw conclusions based on such investigation; . .

There can be no doubt that the deponent, as a detective in the city wherein a cold-blooded murder had been perpetrated, had a duty to make an examination of all the facts relating to the crime. Also, when the magistrate, in the performance of his duty, ordered the detective to give his deposition, it was the duty of the officer to make his findings known and to draw and state his conclusions from the facts he had found during his investigation. Thus, it appears clearly that the deposition comes within the exceptions to the hearsay rule and it was competent evidence for the trial court to consider at the hearing on the petitions of appellants for their writs of habeas corpus.

Rule 64 mentioned in Rule 63(15) merely says that a copy of the writing must be delivered to the adverse party a reasonable time before trial. In this case the record does not reveal the facts about that matter; however no objection was made on the basis of untimely offering of a copy of the deposition, and no claim of error in that regard is asserted on this appeal.

I think the evidence was sufficient to justify a denial of the writ of habeas corpus and the judgment should be affirmed. In addition thereto, the tactics of the petitioners in making it impossible for the prosecution to produce other evidence at the hearing, should be grounds for the operation of an estoppel against their objection to the reception in evidence of the deposition.

CROCKETT, J., concurs in the dissenting opinion of ELLETT, C. J.