STATE of Utah, Plaintiff and Appellee,

v.

Sam George KASTANIS, Defendant and Appellant.

No. 920448.

Supreme Court of Utah.

Jan. 15, 1993.

Rehearing Denied March 19, 1993.

R. Paul Van Dam, Charlene Barlow, Salt Lake City, for plaintiff and appellee.

Earl Xaiz, Ronald J. Yengich, Salt Lake City, for defendant and appellant.

## PER CURIAM:

Defendant Kastanis has petitioned this court pursuant to Utah Code Ann. § 77–20–1(3) (Supp.1992) for review of an order of the third circuit court revoking his pretrial bail. Reversed.

Kastanis is charged with four counts of aggravated murder, all capital crimes. After a preliminary hearing at which defendant presented no evidence, the third cir-

cuit court bound Kastanis over to the district court for trial. The State immediately moved to revoke bail, arguing that a person charged with a capital crime may not be admitted to bail where there is "substantial evidence to support the charge." [1] The State contends that the court's finding of probable cause in support of the bindover is equivalent to a finding of substantial evidence. Without providing a separate bail hearing, the circuit court granted the State's motion and revoked bail previously set at $125,000.

Defendant claims that the State did not afford him notice of a bail revocation hearing, and he had no opportunity to present evidence. Moreover, he argues, the evidence presented at the preliminary hearing to support the bind-over is insufficient to support revocation of bail. Both parties request this court to make a determination of the quantity of proof necessary to support a denial of bail to those charged with capital crimes, as a result of the 1988 amendment of article I, section 8 of the Utah Constitution.

When the Constitution of Utah was initially adopted in 1896, article I, section 8 provided:

> All prisoners shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption strong.

Except for a 1973 amendment which does not apply in this case, this section was unchanged until, as part of a general bail reform, it was amended by the voters in the general election of 1988. Section 8 now provides in pertinent part:

> (1) All persons charged with a crime shall be bailable except:
>
> (a) persons charged with a capital offense when there is substantial evidence to support the charge[.]

The 1988 amendment changed the language "proof is evident or the presumption strong" to "substantial evidence to support the charge."

In revoking Kastanis's bail, the circuit court judge stated that he did not know

---

**1.** Utah Const. art. I, § 8; *see also* Utah Code Ann. §§ 77–20–1 to –10.

whether a stricter or more lenient proof was intended by the drafters of the amendment, but he found that the evidence presented by the State at preliminary hearing would satisfy either a "probable cause" standard or a "clear and convincing evidence" standard. However, he said, "[I]f it is proof beyond a reasonable doubt, that standard has not been met."

 It would be reasonable to assume an intent to make a substantive change in the law when the voters change the language of the constitution. However, we find nothing in the history of the 1988 amendment to article I, section 8 that would indicate an intent on the part of either the drafters of the amendment or the voters in adopting the new amendment to change the quantity or quality of the proof necessary to support denial of bail to a person charged with a capital crime.

Our review of the history of the amendment shows that in 1986, the Utah Department of Corrections and the Governor's Council on Victims suggested to the Utah Constitutional Revision Commission (CRC) that article I, section 8 of the Utah Constitution should be repealed since those groups reasoned that section 9 is all that is needed.[2] Section 9 prohibits excessive bail and fines and is similar to the Eighth Amendment of the United States Constitution. Section 8, however, denied the right to bail in capital cases and certain other categories of offenses and by inference guaranteed bail to all others as a matter of right. Even in capital cases, bail was not to be denied unless the proof was evident or the presumption strong.

After consultation with the Utah Supreme Court Criminal Rules Committee, which advised the CRC that outright repeal of section 8 might inadvertently extinguish a general presumption in favor of allowing release on bail prior to conviction of a crime, the CRC decided not to recommend repeal of section 8, but to recommend amendment only. The CRC asked the Criminal Rules Committee to meet with the

Governor's Council on Victims and to jointly submit a proposed amendment of the constitution's bail provision to the CRC. The language of the proposed amendment was taken by the CRC from this joint proposal. The CRC's proposed language was introduced in the legislature and passed both houses by the necessary two-thirds vote. The amendment was then ratified by the voters at the 1988 election.

The focus of the CRC and others involved in drafting the revision of the constitutional bail provision was on that portion of the provision which permits denial of bail to persons charged with felonies of a lesser degree than capital crimes. The change in the language with respect to capital crimes appears to have been accomplished in a perfunctory manner and for the sole purpose of modernizing the language. The minutes of the January 15, 1988 meeting of the CRC recite that a member of the Criminal Rules Committee reported that most lawyers do not understand the standard of "proof evident-presumption strong" because it is archaic. Therefore, it was proposed that the language be changed to "substantial evidence" because it is more understandable language. In the succeeding considerations of the amendment, this explanation was given as a rationale for the change. For example, in the 1988 voter information pamphlet, which contains explanations, pro and con, for proposed constitutional changes, the rationale for the change of language with respect to capital crimes states simply that the new language "is more commonly used and understood by the courts and attorneys." The voters were thus informed, and undoubtedly understood, that no substantive change would be effected.

Since no substantive change was intended by the drafters or voters in amending section 8, the new language should be applied in the same way as the previous language. We most recently applied the "proof evident or presumption strong"

---

**2.** *See Report of the Constitutional Revision Commission,* at 55 (submitted to governor and 47th Legislature of the State of Utah, January 1988).

standard in *Chynoweth v. Larson,* 572 P.2d 1081 (Utah 1977).[3]

In *Chynoweth,* the district court ruled that capital crimes are not bailable under any circumstances in Utah under article I, section 8 of the Utah Constitution. Without granting a hearing on the ·matter, the court denied bail because the defendants, Chynoweth and Marston, were charged with the capital crimes of murder in the first degree. This court reversed the district court decision, saying that even those charged with a capital crime are bailable unless one of the exceptions, i.e., the "proof is evident or the presumption is strong," applies. *Id.* at 1082. The case was remanded for the purpose of conducting a hearing to determine whether Chynoweth and Marston should be admitted to bail.

In directing the procedure to be taken by trial courts with respect to bail in capital cases, this court adopted in *Chynoweth* the language of *State v. Obstein,* 52 N.J. 516, 247 A.2d 5 (1968): [4]

> The bail hearing before the trial court is not a unilateral one. That is, the prosecutor cannot limit the testimony to his direct examination of the State's witnesses. The defendant has the right of cross-examination. In this connection it must be remembered that the proceeding is not a wide-ranging one for discovery, nor for exploration or determination of guilt or innocence. The prosecutor, however, cannot prevent the accused from producing witnesses to introduce facts pertinent to the inquiry. But the narrow and focal issue must be kept in mind by the trial court and the hearing tailored to that issue, i.e., *whether the facts adduced by the State, notwithstanding contradiction of them by defense proof, warrant the conclusion that if believed by a jury they furnish a reasonable basis for a verdict of first degree murder.* At 247 A.2d 9 (note cases cited therein.)

*Chynoweth,* 572 P.2d at 1082 (emphasis added).

■ Though the circuit court in this case found that the State had shown probable cause by clear and convincing evidence, the judge relied only on the evidence presented by the State at the preliminary hearing, a proceeding in which a defendant usually does not present any evidence. Indeed, defendant here presented no evidence at his preliminary hearing. He now argues that he was prevented from presenting evidence because of the procedure followed by the court.

■ *Chynoweth* clearly requires that defendant be allowed a bail hearing, at which he may bring his own evidence and witnesses and at which he may cross-examine the State's witnesses. Defendant must be given adequate notice to prepare for the hearing. At that hearing, the trial court may not revoke bail unless the facts adduced by the State furnish a reasonable basis for a jury finding of a verdict of guilty of a capital crime.

■ Because we remand to the district court, we briefly treat defendant's point that the circuit court judge had no jurisdiction to revoke his bail once that court bound defendant over to the district court for trial. We hold that the circuit court did have jurisdiction to affect bail because he had not yet signed the bind-over order. However, because the bind-over has now been completed, the district court has jurisdiction, and this case is remanded to the district court rather than the circuit court for the bail hearing.

The order revoking bail is reversed, and this matter is remanded to the district court for consideration of whether Kastanis may be admitted to bail, after affording him full opportunity to present evidence at a bail hearing. Our order of reversal is stayed until the matter is heard by the district court.

---

3. *See also Scott v. Ryan,* 548 P.2d 235 (Utah 1976); *Roll v. Larson,* 30 Utah 2d 271, 516 P.2d 1392 (1973).

4. *Obstein* was overruled on other grounds by *State v. Williams,* 93 N.J. 39, 459 A.2d 641 (1983).